UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JUSTIN De MATOS
    Plaintiff,

v.                                            CIVIL ACTION NO. 13-12874-GAO

SHERIFF THOMAS HODGSON,
    Defendant.

## ORDER

O'TOOLE, D.J.

      Justin DeMatos, a prisoner now incarcerated at MCI Cedar Junction, initiated this action by filing an Application ("Application") to Proceed Without Prepayment of Fees and a Complaint against Sheriff Hodgson for unjustifiably detaining plaintiff for eight days beyond his scheduled release date. See Docket. The Court granted the plaintiff's Application, assessed an initial, partial filing fee of $10.12, and directed the plaintiff to file an amended complaint and show good cause why this action should not be dismissed. See Docket No. 5.

      Now before the Court are plaintiff's Amended Complaint and Show Cause Response. See Docket Nos. 8, 9. Plaintiff's amended complaint again names Sheriff Hodgson and adds two unnamed defendants identified as John Doe and Jane Doe. See Docket No. 8. The Court finds that the facts alleged in the amended complaint, taken as true, are sufficient to establish a claim that survives summary dismissal. The Clerk will be directed to issue a summons for service of the complaint on defendant Hodgson.

      At this time, the Clerk shall not issue summonses as to the "John Doe" and "Jane Doe" defendants because John and Jane Doe are fictitious names. Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint. See Martínez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir. 2007). If, through discovery, the plaintiff discovers the true names of the "John Doe" and "Jane Doe" defendants, he "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims." Id. at 8 n.5. He may then also file a motion for issuance of summonses for these defendants. If summonses issue, the United

States Marshal shall complete service as directed by plaintiff with all costs of service to be advanced by the United States.

Accordingly:

1. The Clerk shall issue a summons for service of the amended complaint on Sheriff Hodgson.

2. The Clerk shall send the summons, complaint, and this Order to the plaintiff, who must thereafter serve the defendant in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summons, amended complaint, and this Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

3. Defendant Hodgson is required to respond to the amended complaint. See 42 U.S.C. § 1997e(g)(2).

SO ORDERED.

  8/4/14  
DATE

  /s/ George A. O'Toole, Jr.  
GEORGE A. O'TOOLE, JR.  
UNITED STATES DISTRICT JUDGE